IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-73 |
| | ) | |
| FREDERICK JOHNSON, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This case came before the Court on July 28, 2011, for a motion hearing on the Defendants' Motion to Continue [Doc. 12], filed on July 27, 2011. Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Attorney Kim A. Tollison represented the Defendant, who was also present.

The motion asks the Court to continue the August 10, 2011 trial date to give defense counsel additional time to gather medical records relating to the Defendant's automobile accident arising out of the incident that precipitated the charge and to prepare for trial. At the hearing, Attorney Tollison informed the Court that despite his exercise of due diligence, he had not been able to complete his investigation of this case. He stated that the Defendant was severely injured in an automobile accident and that those injuries have affected his memory and hindered his ability to assist with the preparation of his defense. Additionally, Mr. Tollison stated that the Defendant's prior criminal record was complicated and that he had to seek underlying records from other courts

1

to aid in his determination of whether the Defendant qualified as a career offender. Mr. Tollison also informed the Court that he had discussed the requested trial continuance with the Defendant, who agreed that it was necessary. The Court questioned the Defendant, who stated that he wanted the trial to be continued.

The Government did not object to the requested continuance. AUSA Norris noted that the Defendant had a significant criminal history, including some older convictions. She agreed that determining the Defendant's offender status would require some time and investigation. She also stated that the Defendant was seriously injured and broke both of his legs at the time of his arrest. Both counsel agreed that a continuance of the trial would further the ends of justice in this case. The parties agreed upon a new trial date of January 24, 2012.

The Court finds the Motion to Continue the August 10, 2011 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defense counsel needs additional time to investigate the Defendant's criminal history and to gather medical records. These tasks are made more difficult by the Defendant's inability to be of much assistance. Once the investigation is complete, counsel will need time to prepare the case for trial. Despite working diligently on this case, the Court finds that defense counsel has been unable to complete trial preparations by the first setting of the trial. Accordingly, the Court finds, and the parties agree, that a six-month continuance would further the ends of justice in this case. The Court finds that the failure to grant a continuance would deprive defense counsel of time to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's Motion to Continue [**Doc. 12**] is **GRANTED**, and the trial of this
2

matter is reset to **January 24, 2012**. The Court also finds that all the time between the filing of the motion on July 27, 2011, and the new trial date of January 24, 2012, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the Court set a new deadline for completing plea negotiations of **December 22, 2011**. The Court instructs the parties that all motions *in limine* must be filed no later than **January 9, 2012**. Special requests for jury instructions shall be submitted to the District Court no later than **January 13, 2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

      Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue [**Doc. 12**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 24, 2012**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the filing of the motion to continue on **July 27, 2011**, and the new trial date of **January 24, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The plea negotiation cut-off deadline in this case is **December 22, 2011**;

(5) Motions *in limine* must be filed no later than **January 9, 2012**; and

(6) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **January 13, 2012**.

**IT IS SO ORDERED.**

                                          ENTER:

                                          _s/ C. Clifford Shirley, Jr._
                                          United States Magistrate Judge